IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LUCY M. DEITERS | ) |
| | ) |
| v. | ) NO. 3-13-0315 |
| | ) JUDGE CAMPBELL |
| PATRICK R. DONAHOE, | ) |

MEMORANDUM

Pending before the Court is Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Docket No. 30).[1] For the reasons stated herein, Defendant's Motion is GRANTED and this action is DISMISSED.

FACTS

Plaintiff filed this action against her former employer, the United States Postal Service, through the Postmaster General Patrick R. Donahoe. She alleges that Defendant violated Title VII by retaliating against her for filing complaints, both internally and with the Equal Employment Opportunity Commission ("EEOC").[2]

At all times relevant to this action, Plaintiff was employed as a full-time mail handler in Nashville, Tennessee. Plaintiff and her co-worker Jacqueline Smith had an on-going contentious working relationship, and each of them complained to Defendant about the other. Plaintiff alleges

---

[1] Because Defendant has filed a Statement of Undisputed Facts and Plaintiff has responded, both parties are arguing facts outside the pleadings, and the Court will treat this Motion as a Motion for Summary Judgment.

[2] Plaintiff has conceded that her Tennessee Human Rights Act claim and her state law retaliation claim cannot be brought against the United States, so those claims (Counts Two and Three) are DISMISSED. In addition, Plaintiff concedes that she cannot recover punitive damages against the United States, so her claim for punitive damages is also DISMISSED.

that the tension was a result of Smith's ongoing racial harassment of Plaintiff. Plaintiff claims that from January 2009 through May 2011, she filed at least three Equal Employment Opportunity ("EEO") complaints based upon race and reprisal. Plaintiff admits that the conflict between Smith and her caused constant turmoil on the workroom floor, disruption and loss of productivity. Because of this disruption, and on the advice of the Postal Service Labor Relations Office, Defendant placed both Plaintiff and Smith on emergency placement while Defendant conducted an investigation.[3]

The Mail Handler's Union ("the Union") grieved Plaintiff's emergency placement and ultimately settled the grievance by, among other things, returning Plaintiff to work. Thereafter, Plaintiff filed an EEO complaint, arguing that her emergency placement was in retaliation for prior EEO activity. Defendant dismissed Plaintiff's complaint, and that dismissal was affirmed by the EEOC. Plaintiff was not fired; the adverse employment action upon which she bases her claim is the emergency placement of September 29, 2011.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this

---

[3] Plaintiff contends that she was on vacation when this decision was made and had no knowledge of it until she returned to work and was locked out.

2

burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## RETALIATION

To make a *prima facie* case of retaliation, Plaintiff must show that (1) she engaged in protected activity; (2) the exercise of protected rights was known to the Defendant; (3) Defendant took an adverse employment action against Plaintiff, and (4) there was a causal connection between the protected activity and the adverse action. *Taylor v.* Geithner, 703 F.3d 328, 336 (6th Cir. 2013).[4] Once a *prima facie* showing is made, the Defendant must articulate a legitimate nonretaliatory reason for its action, and then the burden shifts back to the Plaintiff to show that the proffered reason was

---

[4] To establish a causal connection, Plaintiff must produce sufficient evidence from which one could draw an inference that Defendant would not have taken the adverse employment action had she not engaged in activity protected under Title VII. *Taylor*, 703 F.3d at 339. In *University of Texas Southwestern Medical Center v. Nassar*, 133 S.Ct. 2517 (2013), the Court held that a plaintiff making a Title VII retaliation claim must establish that his or her protected activity was a "but-for" cause of the alleged adverse action by the employer. *Id*. at 2533-34.

3

not its true reason but merely a pretext for retaliation. *Harris v. Metropolitan Gov't of Nashville and Davidson County*, 594 F.3d 476, 485 (6th Cir. 2010).

  Defendant argues that, even assuming Plaintiff could establish a *prima facie* case, she cannot show that Defendant's legitimate, nondiscriminatory reason for placing her on emergency placement was a pretext for retaliation. Defendant asserts that its legitimate, nondiscriminatory reason for placing Plaintiff and Smith on emergency placement was to address allegations that both of them were creating a hostile work environment which impacted co-workers and supervisory employees. Defendant claims that it took action against both Plaintiff and Smith to address the turmoil, disruption and loss of productivity caused by both Plaintiff and Smith on the workroom floor.

  To show pretext, Plaintiff may show that (1) the proffered reason had no basis in fact, (2) the proffered reason did not actually motivate the action, or (3) the proffered reason was insufficient to warrant the adverse action. *Sybrandt v. Home Depot U.S.A., Inc.*, 560 F.3d 553, 558 (6th Cir. 2009). A plaintiff cannot establish pretext so long as the employer made a reasonably informed and considered decision before taking the adverse employment action. *Foster v. Spring Meadows Healthcare Center, LLC*, 2013 WL 829363 at * 10 (M.D. Tenn. March 6, 2013) (*citing Smith v. Chrysler Corp.*, 155 F.3d 799, 807 (6th Cir. 1998)).

  Where the employer can demonstrate an honest belief in its proffered reason, an inference of pretext is not warranted. *Seeger v. Cincinnati Bell Telephone Co., LLC*, 681 F.3d 274, 285 (6th Cir. 2012). An employer's proffered reason is considered honestly held where the employer can establish it reasonably relied upon the particularized facts that were before it at the time the decision was made. *Id*. A plaintiff is required to show more than a dispute over the facts upon which the decision was based. *Id*.

4

The Court finds that Plaintiff has failed to show that Defendant's legitimate, nondiscriminatory reason was pretext for retaliation. Defendant has presented evidence that both Plaintiff and Smith were put on emergency placement because of their continuing, disruptive, contentious working relationship. Plaintiff was not singled out; both parties were treated the same. Moreover, Plaintiff's managers conferred with the Postal Service Labor Relations Board prior to taking this action. In addition, Plaintiff admitted that the Union grieved *and settled* her emergency placement in October of 2011.[5]

Under these circumstances, the Court finds that Defendant made a reasonably informed and considered decision before taking the adverse employment action of placing Plaintiff on emergency placement. Plaintiff cannot establish pretext simply by disagreeing with Defendant's business judgment and choice of actions. Pretext cannot be shown by attacking the business decision itself. *Hein v. All America Plywood Co., Inc.,* 232 F.2d 482, 490 (6th Cir. 2000); *Brocklehurst v. PPG Industries, Inc.*, 123 F.3d 890, 898 (6th Cir. 1997).

## CONCLUSION

For these reasons, Defendant's Motion for Summary Judgment (Docket No. 30) is GRANTED, and this action is DISMISSED.

IT IS SO ORDERED.

                                                                            *Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

---

[5] Defendant also asserts that the Collective Bargaining Agreement between Defendant and the Union allows for emergency placement under these circumstances.